**VAN WEY & WILLIAMS, PLLC** (*pro hac vice*)
susan@vwpwlaw.com
12720 Hillcrest Road, Suite 600
Dallas, TX 75230
Telephone: (213) 329-1350
Facsimile: (800) 582-1042

Attorney for Plaintiff
ARMEN KHODAVERDIAN

**GREENBERG TRAURIG, LLP**
SARA K. THOMPSON (*pro hac vice*)
thompsons@gtlaw.com
3333 Piedmont Rd NE Ste 2500
Atlanta, GA 30305
Telephone: (678) 553-2392
Facsimile: (678) 553-2393

ANNA YEUNG (SBN 294174)
yeunga@gtlaw.com
Four Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 655-1300
Facsimile: (415) 707-2010

Attorneys for Defendants
MEDTRONIC, INC.,
MEDTRONIC USA, INC.,
MEDTRONIC PUERTO RICO OPERATIONS, INC.,
and MEDTRONIC LOGISTICS, LLC

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMEN KHODAVERDIAN, an individual<br><br>     Plaintiff,<br><br>v.<br><br>MEDTRONIC, INC., MEDTRONIC USA, INC.; MEDTRONIC PUERTO RICO OPERATIONS, INC., and, MEDTRONIC LOGISTICS, LLC,<br><br>     Defendants. | Case No.: 2:20-cv-05830-FLA (SKx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned to Hon. Fernando K. Aenlle-Rocha and Magistrate Judge Steve Kim |

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties to this action, Plaintiff Armen Khodaverdian ("Plaintiff") and Defendants Medtronic, Inc., Medtronic USA, Inc., Medtronic Puerto Rico Operations Co., and Medtronic Logistics, LLC (collectively, "Medtronic"), through their undersigned counsel, as follows:

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of

information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

    2.1    Action: *Armen Khodaverdian v. Medtronic, Inc., et al.* (C.D. Cal. 2:20-cv-05830-FLA (SKx)).

    2.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

    2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.  DURATION

This Stipulated Protective Order shall be binding throughout and after final adjudication of this action, including but not limited to, final adjudication of any appeals and petitions for extraordinary writs.

5.  DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations.

Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL

legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)   for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

... 

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    6.1    <u>Timing of Challenges</u>. Counsel for a party to this action may challenge a designation of confidentiality made by the producing party by notifying the producing party in writing of the challenge at least thirty (30) days before the intended use of the document designated as "CONFIDENTIAL", which notice must provide a list of each document challenged (by Bates number) and the reason for the challenge.

    6.2    <u>Meet and Confer</u>. Before seeking any relief from the Court challenging such a designation, the parties will make a good faith effort to resolve any disputes concerning such designation. Counsel for the producing party will have fourteen (14) business days after receipt of the written notice within which to respond, indicating for each item challenged whether the designation will be withdrawn or maintained. Failure to respond within such time frame will constitute a withdrawal of the CONFIDENTIAL designation of said document challenged in the notice. For any of the CONFIDENTIAL documents as to which the disagreement cannot be informally resolved, the challenging party may, within thirty (30) days after receipt of the designating party's written response, seek relief from the Court to change the designation or remove the challenged items from the protection of this Protective Order. The Producing Party will have the burden to show the challenged Materials warrants the designation they received. The challenged materials shall remain subject to this Protective Order as originally designated unless and until their status is changed by stipulation or court order.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

    7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action and for no other action or purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been

terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action (each of whom shall have executed a copy of this Stipulation and Protective Order prior to their receipt of the CONFIDENTIAL materials);

(b)    the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action (each of whom shall have executed a copy of this Stipulation and Protective Order prior to their receipt of the CONFIDENTIAL materials);

(c)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court and its personnel (under seal in accordance with the procedures set forth by Local Rule 79-5 of the United States District Court for the Central District of California and this Court's Initial Standing Order);

(e)    court reporters and their staff, including stenographers and video technicians (who shall agree to be bound by the terms of the Protective Order);

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  deponents who have agreed to be bound by the terms of the Protective Order as set forth in Paragraph 7.4; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions (who shall be informed of and agree to be bound by this Protective Order prior to receipt of the CONFIDENTIAL materials).

7.3  The disclosure by counsel or co-counsel for a party to this action of CONFIDENTIAL materials to experts or other consultants or copy services retained by the disclosing counsel shall not constitute a violation of, or a waiver of the protections afforded by this Stipulated Protective Order so long as the person to whom disclosure is made has executed the "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. A copy of each executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A shall be maintained by counsel for Plaintiff or Defendants, respectively. Paralegals and clerical staff employed by the disclosing counsel's office shall not be required to execute an "Acknowledgment and Agreement to Be Bound".

7.4  In the event CONFIDENTIAL materials themselves, or the contents of materials designated "CONFIDENTIAL" are to be identified, discussed, or disclosed during a deposition taken in this action of any person or entity other than those persons or entities described in Paragraphs 7.2 and 7.3 above, the deponent shall be required to acknowledge on the record, before any identification, discussion or disclosure of CONFIDENTIAL materials occurs that he or she has been advised of and has agreed to be bound by the terms of this Stipulation and Protective Order.

7.5  After the taking of depositions wherein materials designated "CONFIDENTIAL" or the contents thereof are identified, discussed, or disclosed, all portions of any resulting deposition transcript shall be subject to the terms of this Stipulated Protective Order for thirty (30) business days after all parties have received the final

transcript. Within thirty (30) business days after receipt of the final transcript, any party may designate portions of the transcript as "CONFIDENTIAL." Such designation shall be in writing, circulated to all other parties and shall identify the lines and pages that will be designated "CONFIDENTIAL." After thirty (30) business days have passed from all parties' receipt of the final transcript, only those portions of the transcript designated "CONFIDENTIAL" will be subject to the terms of this Stipulated Protective Order.

7.6   In the event that counsel for a party wishes to identify, discuss, or disclose CONFIDENTIAL materials or the contents of materials designated "CONFIDENTIAL" during the course of a pre-trial proceeding, he or she shall, prior to each identification, discussion, or disclosure make reference to the confidential nature thereof to the Court and to counsel for the party which produced CONFIDENTIAL materials; and counsel for the producing party may at that time, or after such identification, discussion, or disclosure, request that CONFIDENTIAL materials or the contents of the materials designated "CONFIDENTIAL" be filed under seal with this Court, with permission from the Court in accordance with the Local Rules of the United States District Court for the Central District of California and this Court's Initial Standing Order.

7.7   This Stipulated Protective Order shall not apply to the disclosure of materials designated "CONFIDENTIAL" or the information contained therein at the time of trial. These issues may be taken up as a separate matter upon the motion of any of the parties during trial.

7.8   In the event materials designated as "CONFIDENTIAL" or transcripts or other things wherein the CONFIDENTIAL materials or the contents of the Materials designated "CONFIDENTIAL" are identified, discussed, or disclosed, are filed or are otherwise deposited with the Clerk of this Court, the filing and/or depositing party agrees to move the Court for an order sealing materials designated as "CONFIDENTIAL" or other things wherein the CONFIDENTIAL materials or the contents of materials designated "CONFIDENTIAL" are identified, discussed, or disclosed, in accordance with the

procedures outlined in the Local Rules of the United States District Court for the Central District of California and this Court's Initial Standing Order.

7.9 Counsel for a party shall not, in the presence of the jury, comment on the reasons or motivation for designating the materials as "CONFIDENTIAL" without first having obtained permission of the Court to do so.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated

Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

    11.1   This provision is being entered into to govern the inadvertent disclosure of privileged or protected documents or materials (hereinafter the "Privileged Materials").

    11.2   The inadvertent production or disclosure of any Privileged Materials protected by the attorney-client privilege, the attorney work-product doctrine, a joint defense privilege or any other applicable privilege, immunity or protective doctrine (collectively a "Privilege") shall not constitute or be considered as a factor suggesting a waiver or impairment of any claims of such Privilege. In the event of inadvertent production or disclosure, the producing party may provide written notice that Privileged Materials have been inadvertently produced or disclosed. Within seven (7) days of receipt of such notice, any person who has received such Privileged Materials shall return to the producing party all such Privileged Materials and any copies thereof in its possession and shall make reasonable efforts to reclaim and return all such Privileged Materials. However, the party that has received such Privileged Materials may retain one copy thereof, solely for the purpose of challenging the producing party's assertion of privilege.

    11.3   Any party receiving materials that, on their face, appear to be covered by a Privilege, shall provide prompt notice of the disclosure to the producing party to afford the producing party the opportunity to designate the materials as inadvertently produced Privileged Materials subject to the claw-back provision in Paragraph 11.2.

    11.4   This Stipulated Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502 and shall be enforceable and

granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

11.5 Nothing herein shall prevent any party from seeking further or greater protection from the Court with respect to the treatment of Privileged Materials in connection with this action, and nothing herein shall be construed to affect the evidentiary admissibility of any documents, testimony, information or other materials.

12. <u>MISCELLANEOUS</u>

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. Nothing in this Stipulated Protective Order shall be construed to preclude the producing party from seeking additional protection for the CONFIDENTIAL materials or the contents of the materials designated as "CONFIDENTIAL."

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.

12.4 In the event the Court denies a motion to seal the materials designated as "CONFIDENTIAL" or transcripts or other things wherein CONFIDENTIAL materials or the contents of the materials designated "CONFIDENTIAL" are identified, discussed, or disclosed, a producing party may nonetheless choose to file the CONFIDENTIAL Materials publicly. But in the event the Court denies a motion to seal any of the materials designated "CONFIDENTIAL" or transcripts or other things wherein CONFIDENTIAL materials or

the contents of the materials designated "CONFIDENTIAL" are identified, discussed, or disclosed, a receiving party must meet-and-confer with the producing party prior to filing the CONFIDENTIAL materials publicly. Additionally, if the producing party seeks reconsideration of the Court's denial of a motion to seal, the receiving party must keep the CONFIDENTIAL materials and their contents confidential as outlined in this Stipulated Protective Order until the Court has ruled on the motion for reconsideration.

12.5   Notwithstanding the date upon which the Court entered this Stipulated Protective Order, this Stipulated Protective Order shall become effective and binding upon each of the parties to this action, and each of their undersigned counsel, on the date each party and each counsel execute same.

12.6   Nothing in this Stipulated Protective Order shall be construed to prevent this Court from disclosing any facts relied upon by it in making or rendering any finding, ruling, order, judgment or decree of whatever description.

12.7   This Stipulated Protective Order may be executed in one or more counterparts in which case all executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with this Court.

13.   **FINAL DISPOSITION**

Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all materials designated "CONFIDENTIAL" must be either destroyed or returned to the producing party. Plaintiff agrees to provide Defendants with an Affidavit in the Form attached hereto as Exhibit B within this time period. Failure to provide the Affidavit shall be deemed as a violation of the Court's order.

14.   Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15.   Each of the parties to this action and each of their undersigned counsel acknowledge that they have executed this Stipulation and Protective Order voluntarily and that the terms

and provisions of this Stipulation and Protective Order have been read and understood by them.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

                                                    Respectfully submitted,

DATED: November 4, 2021       **GREENBERG TRAURIG, LLP**

                                                    By:   */s/ Anna Yeung*
                                                          Sara K. Thompson
                                                          Anna Yeung

                                                          Attorneys for Defendants
                                                          MEDTRONIC, INC.,
                                                          MEDTRONIC USA, INC.,
                                                          MEDTRONIC PUERTO RICO OPERATIONS,
                                                          INC., and MEDTRONIC LOGISTICS, LLC

DATED:  November 4, 2021      **VAN WEY & WILLIAMS, PLLC**

                                                    By:  */s/ Susan Allen*
                                                         Susan Allen

                                                          Attorney for Plaintiff
                                                          ARMEN KHODAVERDIAN

     Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Susan Allen, on whose behalf this filing is jointly submitted, has concurred in this filing's content and has authorized me to file this document.

                                                          */s/ Anna Yeung*
                                                          Anna Yeung

1  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

3  DATED: ___November 5, 2021___

5  _____
6  Honorable Steve Kim
7  United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Armen Khodaverdian v. Medtronic, Inc., et al.*, (C.D. Cal. 2:20-cv-05830-FLA (SKx)).

  1. By signing this Acknowledgment, I promise that I will use the materials and contents of the materials designated "confidential" pursuant to the above-described Protective Order for the purpose of assisting counsel for a party to the above-described civil action in the adjudication of that action and for no other purpose.

  5. By signing this Acknowledgment, I also promise that I will not communicate, disclose, discuss, identify, or otherwise use materials or the contents of materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order with, to, or for any person or entity other than the Court, a party to the above-described civil action, counsel for a party to the above-described civil action, including other counsel, paralegals, and clerical staff employed in his or her office, persons permitted by the above-described Protective Order to attend depositions taken in the above-described civil action, and persons or entities assisting such counsel who have executed an acknowledgment in the same form as this Acknowledgment.

  6. By signing this Acknowledgment, I also promise that I will not copy, transcribe, or otherwise reproduce, or cause to be copied, transcribed, or otherwise reproduced, by any means whatsoever, any materials or the contents of any materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order except to the extent to which I am directed to do so by counsel for a party to the above-described civil action, in which case all such copies, transcriptions, or reproductions shall be made solely

for my own use in connection with my work in the above matter. I further promise at the conclusion of this case to deliver upon request <u>all</u> materials (originals and copies) designated "CONFIDENTIAL" to the counsel who originally directed that said materials be provided to me.

7. I understand that, by signing this agreement, I am agreeing to subject myself to the jurisdiction of this Court.

8. I understand that any use or distribution of the materials or contents of the materials designated "CONFIDENTIAL" pursuant to the above-described Protective Order in any manner contrary to the provisions of the Protective Order will subject me, among other things, to the summary sanctions of this Court for contempt.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

# EXHIBIT B

## AFFIDAVIT OF _____

STATE OF _____ )
                                ) ss.
COUNTY OF _____ )

I hereby declare as follows:

1. My name is _____. I am over the age of 18 years and am a resident of _____ County, _____. I make this Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated herein.

2. I have requested and received from _____ all of the materials, transcripts, and other things designated as Confidential as described in the Protective Order which was entered by the Court in *Armen Khodaverdian v. Medtronic, Inc., et al.*, (C.D. Cal. 2:20-cv-05830-FLA (SKx)).

3. With the exception of court filings, I have either destroyed or have attached hereto all of the materials, transcripts, and other things designated as Confidential, including those materials which were returned to me by _____ in accordance with the preceding paragraph, described in the Protective Order which was entered by the Court in *Armen Khodaverdian v. Medtronic, Inc., et al.*, (C.D. Cal. 2:20-cv-05830-FLA (SKx)).

**FURTHER AFFIANT SAYETH NOT**.

_____
Signature of Affiant